UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-11630-RWZ

WILSON OSORNO

v.

GARY RODEN,
Superintendent, MCI-Norfolk


ORDER
March 29, 2011

ZOBEL, D.J.


Wilson Osorno was convicted of trafficking in cocaine in the Suffolk Superior Court on June 5, 2003, and sentenced to imprisonment for a period of 15 years. He filed a direct appeal which was, after some initial missteps, stayed pending his filing a motion for a new trial. Petitioner eventually filed his first motion for a new trial which, on October 12, 2004, resulted in a plea to a lesser offense and a reduced sentence of 10 years imprisonment. Petitioner moved to dismiss his direct appeal on October 14, 2004, which was granted on the same day.

There matters lay until July 17, 2007, when petitioner filed a second motion for a new trial which was denied and as to which all appeals were exhausted on April 29, 2009. He submitted his third motion for a new trial on June 25, 2009, but it, too, failed in the Superior, Appeals and Supreme Judicial Courts, with the last denial of relief docketed on September 15, 2010. Now the case is in this court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on

the ground that the petition is time barred. Petitioner has not filed an opposition.

The statute, 28 U.S.C. § 2244(d)(1), provides, in relevant part, that a federal habeas petition by a state prisoner must be filed within one year of "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Direct review by the Massachusetts courts was concluded on October 14, 2004. Even allowing an additional 90 days for seeking review in the Supreme Court of the United States, Sup. Ct. R. 13, this petition, filed on September 23, 2010, is out of time. Nor can petitioner take any sustenance from 28 U.S.C.§ 2244(d)(2) which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not count, because his later new trial motions were filed after the time had already run. These tolling provisions can stop the running of the time while the review process is ongoing; they cannot rewind the clock and resurrect a claim after the time has run.

The respondent's motion to dismiss is ALLOWED. Judgment may be entered accordingly.



      March 29, 2011                          /s/Rya W. Zobel
         DATE                              RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE